IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDIANDO CONTRERAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 09-cv-1048-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

Before the Court is Frediando Contreras's December 2009 petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Analysis of the petition begins with an overview of the procedural history of the underlying criminal case, *United States v. Contreras* (Case No. 06-cr-30083-MJR).

Via a superseding indictment issued August 9, 2006, Contreras was charged with one count of conspiracy to distribute heroin, cocaine and marihuana from May 2004 to May 2006, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On July 2, 2007, Contreras entered an open guilty plea. On December 14, 2007, the undersigned Judge sentenced Contreras to a total term of 210 months' imprisonment, 5 years' supervised release and a $100.00 assessment. Judgment was entered accordingly on December 17, 2007.

Contreras appealed to the Seventh Circuit Court of Appeals. The Seventh

Circuit appointed counsel, Susan Kister, to represent Contreras. Kister filed an *Anders* brief in which she addressed the two arguments that could conceivably support a challenge to a sentencing enhancement, but then concluded that neither claim had merit. *See **Anders v. California**, 386 U.S. 738 (1967)*. The Seventh Circuit addressed the issues raised by Kister, agreed that the issues were frivolous and dismissed Contreras's appeal on December 4, 2008. The Court issued its mandate on April 10, 2009.

In December 2009, Contreras moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion survived threshold review in July 2010. The Court set a briefing schedule. The Government filed a timely response, and Contreras filed a reply (Docs. 7, 8). For the reasons stated below, the Court denies Contreras's request for relief and dismisses his § 2255 petition.

An evidentiary hearing is not warranted. Contreras asserts ineffective assistance claims. Such claims often require an evidentiary hearing, "because they frequently allege facts that the record does not fully disclose." ***Osagiede v. United States*, 543 F.3d 399, 408 (7th Cir. 2008)**. But the issues raised here can be resolved on the existing record, which conclusively demonstrates that Contreras is entitled to no relief. *See* **Rule 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS;** *Almonacid v. U.S.*, **476 F.3d 518, 521 (7th Cir.),** *cert. denied,* **551 U.S. 1132 (2007);** *Gallo-Vasquez v. U.S.*, **402 F.3d 793, 797 (7th Cir. 2005);** *Galbraith v. U.S.*, **313 F.3d 1001, 1010 (7th Cir. 2002).** Stated another way, Contreras has not alleged facts that, if proven, would entitle him to relief. *See **Sandoval v. U.S.*, 574 F.3d 847, 850 (7th Cir. 2009).**

### B. <u>Analysis of § 2255 Petition</u>

#### ■■ APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2255 authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside or correct her sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law."

Relief under § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *See, e.g., Corcoran v. Sullivan*, **112 F.3d 836, 837 (7th Cir. 1997)(§ 2255 relief is available only to correct "fundamental errors in the criminal process").** Section 2255 has been described as "the federal-prisoner substitute for habeas corpus." *U.S. v. Boyd*, **591 F.3d 953, 955 (7th Cir. 2010).** *Accord Washington v. Smith*, **564 F.3d 1350, 1351 (7th Cir. 2009)(referring to a § 2255 petition as "the federal prisoner's equivalent to a § 2254 petition attacking a criminal judgment entered by a state court").**

As the Seventh Circuit has declared, § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, **366 F.3d 593, 594 (7th Cir. 2004).** *Accord Prewitt v. United States*, **83 F.3d 812, 816 (7th Cir. 1996)("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations").** And § 2255

cannot be used as a substitute for a direct appeal or to re-litigate issues already raised on direct appeal. **Coleman v. United States, 318 F.3d 754, 760 (7th Cir. 2003).** *Accord* **Sandoval, 574 F.3d at 850 ("claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal").**

In the case at bar, Contreras tenders two grounds for § 2255 relief, both premised on ineffective assistance of counsel (Doc. 1, pp. 5, 6):

(1) his lawyer was unprepared and therefore unable to effectively argue the facts relating to his role in the conspiracy; and
(2) his lawyer's lack of preparation resulted in an improper enhancement because the conspiracy did not include 5 or more persons.

The Sixth Amendment to the United States Constitution accords criminal defendants the right to effective assistance of counsel. **Wyatt v. United States, 574 F.3d 455, 457 (7th Cir. 2009),** *cert. denied,* **130 S. Ct. 1925 (March 22, 2010),** *citing Watson v. Anglin,* **560 F.3d 687, 690 (7th Cir. 2009).** To prevail on a claim of ineffective assistance, a defendant must prove two things (a) that his attorney's performance was objectively unreasonable *and* (b) that he (the defendant/petitioner) suffered prejudice as a result of this constitutionally deficient performance. **Wyatt, 574 F.3d at 457-58;** *United States v. Peleti,* **576 F.3d 377, 383 (7th Cir. 2009);** *Strickland v. Washington,* **466 U.S. 668, 687 (1984).**

This first requirement of this dual test is referred to as "the performance prong" and the second as the "prejudice prong." <u>As to the performance prong</u>, a § 2255 petitioner must overcome a "strong presumption that [his] counsel's conduct falls within the wide range of reasonable professional assistance." **Wyatt, 574 F.3d at 458,** *quoting*

*Strickland*, **466 U.S. at 687-88.** He must establish the specific acts or omissions he claims constitute ineffective assistance, and the Court then assesses whether those acts/omissions are outside the scope of reasonable legal assistance. *Id. See also United States v. Acox*, **595 F.3d 729, 734 (7th Cir. 2010),** *citing Williams v. Lemmon*, **557 F.3d 534 (7th Cir. 2009)(Deciding "whether counsel's services were beneath the constitutional floor requires consideration of what counsel did, as well as what he omitted.").**

Evaluation of counsel's performance is highly deferential. The reviewing court presumes reasonable judgment by counsel and must not second-guess counsel's strategic choices or "tactical decisions." *Valenzuela v. United States*, **261 F.3d 694, 699 (7th Cir. 2003).** Moreover, the court must "consider the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, ... [applying] a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Id.*

As to the prejudice prong, the defendant/petitioner must demonstrate a reasonable probability that, *but for counsel's errors*, the result of the proceeding would have been different. *Smith v. McKee*, **598 F.3d 374, 385 (7th Cir. 2010).** The inquiry focuses on whether the counsel's errors rendered the proceedings "fundamentally unfair or unreliable." *Valenzuela*, **261 F.3d at 699.** As explained below, both of Contreras's claims fail the *Strickland* test.

- ■ ■ **INEFFECTIVE ASSISTANCE CLAIM: COUNSEL LACKED PREPARATION AND FAILED TO EFFECTIVELY ARGUE FACTS RELATED TO CONTRERAS'S ROLE IN THE CONSPIRACY**

Contreras claims that his counsel, Ethan Skaggs, failed to argue effectively that Contreras was not the leader of the conspiracy. In Contreras's memorandum in support of his petition, he contends that he should not have been assessed a leadership enhancement because co-defendant Penny Hemphill engaged in similar conduct and occupied a similar position within the conspiracy. Contreras claims that Hemphill made four or five trips transporting drugs and currency, contacted buyers, and interacted with "major players" without permission or assistance from him.

But Contreras has not demonstrated and cannot demonstrate that Skaggs's handling of this issue was objectively unreasonable. Quite the contrary, Skaggs vigorously pursued this defense.

Prior to the sentencing, Skaggs filed a five-paragraph memorandum with two attachments in which he objected to the Presentence Investigation Report's ("PSR") finding that Contreras occupied a leadership role in the conspiracy. (Doc. 139). Skaggs's submission mirrored Contreras's argument in that it asserted that Hemphill's conduct was not significantly different from that of Contreras, and she had been given a minor role reduction. At sentencing, Skaggs again argued that Hemphill's conduct in the conspiracy showed her leadership: Hemphill went to Arizona , Ohio and New Jersey to meet with couriers; she transported large amounts of cash; and when co-conspirators, Ramirez and Herrera, were first arrested, they pointed to Hemphill as "the leader and organizer." Sentencing transcript, 7:22-8:7. Skaggs contended that Contreras was an employee and not

the "king pin." *Id*. 8:7-14. Skaggs also pointed to a comment made by Alphonso Amoro, a fifth conspirator (not charged in the underlying case), who stated that he did not work for Contreras, that Contreras was not in charge and that Contreras was just "a cog in the machine." *Id*. 9:11-19.

These are the selfsame arguments that Contreras claims Skaggs failed to make. His claim is directly contradicted by the record. The undersigned Judge just did not buy the argument, explaining:

> THE COURT: The proceeds in great part go to Mr. Ortiz Contreras rather than [Hemphill]. He gets the lions share. Under 3Bl.l(a), if the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, the level is increased by four levels, and probation did it at paragraph 36 in this case. I believe that enhancement is appropriate in this case. I am not suggesting Mr. Contreras was the last final big fish in these conspiracies. We can always find one more person who was a bigger fish, but of the group that I see and given what I know about his involvement, this is an appropriate enhancement. He controlled the drugs involved in the case, he was source of supply, he inspected the drugs before deliveries were conducted. He was the ultimate leader responsible for transport and distribution of the drugs to recipients on the east coast. He was the purchaser of vehicles to transport the drugs. He paid the couriers. He received a larger share of the fruits of the crime, directed the couriers to Mexico where they provided him with payment for the drugs. Miss Hemphill was paid by him for her help in directing the drug shipments and transporting the proceeds. Overall, he was responsible for the planning and execution of the conspiracy. Regardless of the individual role of Penny Hemphill, this defendant was a leader of the conspiracy as I see it and know it. Based upon that, I am going to deny the objection as to paragraph 36. *Id*. 11:16-12:19.

That Skaggs's arguments were rejected by the Court does not mean that he was ineffective in pursuing this issue. There is simply no merit to Contreras's claim that Skaggs failed to prepare and was unable to effectively argue the facts relating to

Page 7 of 10

Contreras's role in the conspiracy. Contreras's claim of ineffective assistance of counsel as to this issue must fail.

> ■■ **INEFFECTIVE ASSISTANCE CLAIM : COUNSEL'S LACK OF PREPARATION RESULTED IN AN IMPROPER ENHANCEMENT UNDER 3B1.1 BECAUSE THE CONSPIRACY DID NOT INCLUDE 5 OR MORE PERSONS**

Contreras criticizes Skaggs for withdrawing his objection to the enhancement under 3B1.1 at the sentencing hearing since the Government failed to prove the existence of five or more conspirators.

The Court rejects this argument because Skaggs's withdrawal of the objection was objectively reasonable, and Contreras agreed to the withdrawal. The Court questioned Skaggs regarding which objections he intended to proceed on as follows:

> THE COURT: You are going to contend that he was not an organizer or leader but you do admit there were five or more participants.
>
> MR. SKAGGS: That is essentially the position we're in.
>
> THE COURT: Okay. Mr. Ortiz-Contreras, do you agree with your attorney that you will stipulate or agree that the presentence report is correct where it contends there were five or more participants as described in paragraph 36? You are going to contest and disagree that you were an organizer or leader of the criminal activity?
>
> DEFENDANT: Yes, Your Honor.

Sentencing transcript 6:8-20.

Skaggs explained in his affidavit that, prior to the sentencing hearing, he met with Assistant United States Attorney James Porter. Doc. 7-1 Skaggs Affidavit, ¶ 3. Porter had a case agent present and ready to testify at the sentencing hearing. *Id*. ¶ 4. Porter

informed Skaggs of the anticipated testimony regarding the issue of the enhancement for the number of participants in the conspiracy. *Id*. Porter told Skaggs that if Contreras pursued his objections to the PSR on this issue and the Court denied it, it would be his position that Contreras did not qualify for an acceptance of responsibility reduction. *Id*. Skaggs related this information to Contreras, and the decision was made to withdraw the objection to the PSR on the number of conspirators. *Id*. ¶ 5.

With this knowledge, it would have been objectively *unreasonable* for Skaggs to fail to withdraw the objection to the enhancement. Clearly, the case agent was present to testify regarding additional persons involved in the conspiracy, and failure to withdraw the objection could have resulted in a lengthier sentence because Contreras would have lost his acceptance of responsibility reduction.

The PSR also shows that five or more people were involved in the conspiracy, including the four named defendants, Kelly Hemphill (Penny's daughter and Defendant Ramirez's girlfriend), "Big Boss" and "Rosa," as well as unnamed "mechanics" and couriers. *See United States v. Amaechi*, **991 F.2d 374, 377 (7th Cir. 1993)**, *citing* **U.S.S.G. § 3B1.1, comment n. 1 (district court correct in finding that there was at least one other participant because another person shipped the drugs at defendant's direction: "it is of no import that the other participant has not been apprehended or convicted").**

As with Contreras's first claim for relief, this claim is patently meritless. He was counseled by Skaggs regarding the loss of acceptance for responsibility and was certainly personally aware of the facts to which the case agent might testify as to the

number of participants in the conspiracy. He agreed to withdraw the objection and cannot now argue to the contrary. Contreras's self-serving assertion that he would not have pled guilty if he had received more effective representation is insufficient. Under *Strickland*, he must show a "reasonable probability" that he would not have done so. ***Taylor v. United States*, 2007 WL 128003, at \*10 (N.D.Ill. 2007),** *citing **Key v. United States*, 806 F.2d 133, 138 et seq. (7th Cir.1986);** *see also **McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir.1996),** *citing **Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir.1991) (demanding objective evidence of this probability rather than self-serving assertions)**. That he has failed to do.

  C. <u>Conclusion</u>

For all of these reasons, the Court **DENIES** Contreras's request for relief and **DISMISSES** his § 2255 petition.

**IT IS SO ORDERED.**

**DATED this 3rd day of December, 2010**

        <u>s/Michael J. Reagan</u>
        **MICHAEL J. REAGAN**
        **United States District Judge**